UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VANESSA L. TELFORD,

        Plaintiff,

  v.

        Case No. 25-cv-1313-pp

CASSIDY SCHEETZ,

        Defendant.

---

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 6) AND DISMISSING CASE**

---

On August 29, 2025, the plaintiff filed a complaint alleging that her probation agent, Cassidy Scheetz, was violating her constitutional rights by threating her and intruding on her personal space. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

On September 9, 2025, Magistrate Judge Joseph issued an order addressing the plaintiff's motion for leave to procced without prepaying the filing fee and screening the complaint. Dkt. No. 4. Based on the information she had provided in her motion to proceed without prepaying the filing fee, Judge Joseph could not determine whether the plaintiff was indigent. Id. at 2. Judge Joseph recounted that the plaintiff had written that she was employed at McDonald's but had not provided a monthly wage or salary; had marked both "yes" and "no" for the question asking if she supported dependents; and had

1

written that she received money from "medical" without stating an amount. Id. (citing Dkt. No. 2 at 1–3). As for the allegations in the complaint, Judge Joseph found that the complaint failed to state a claim. Id. at 3. She explained that "unless [the plaintiff] articulates what her probation conditions include and how Scheetz is acting beyond their scope, it is unclear whether [the plaintiff] alleges a constitutional violation or is simply unhappy with how Scheetz is performing her job." Id.

Judge Joseph gave the plaintiff a deadline of September 19, 2025 by which "to either pay the full filing fee or submit an amended *in forma pauperis* motion and to file an amended complaint consistent with [Judge Joseph's] order." Id. at 4. Judge Joseph warned the plaintiff that if she failed to timely do one or the other of those things, Judge Joseph would recommend that this district court dismiss the complaint. Id. Judge Joseph sent the order to the plaintiff at an address on North 31st Street in Milwaukee—the address the plaintiff had provided in her complaint. Dkt. No. 1 at 1. By the September 19, 2025 deadline set by Judge Joseph, the court had received neither the full filing fee nor an amended motion to proceed without prepaying it. On September 24, 2025, Judge Joseph's order was returned to the court as undeliverable/unable to forward. Dkt. No 5.

On September 30, 2025, Judge Joseph issued a recommendation that this court dismiss the complaint without prejudice for the plaintiff's failure to prosecute. Dkt. No. 6 at 2. Judge Joseph recounted that, after her September 3, 2025 order was returned as undeliverable, the clerk's office unsuccessfully

2

had attempted to reach the plaintiff by telephone and email, and explained that attempts to locate a new address for the plaintiff also were unsuccessful. Id. at 1–2. Judge Joseph emphasized that it is the plaintiff's responsibility to keep the court updated with her current contact information. Id. Judge Joseph informed the plaintiff that if the plaintiff had any objection to the recommendation, she must file it within fourteen days. Id. The fourteen-day deadline passed on October 14, 2025; as of the date of this order, the court has received no objection from the plaintiff.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This district court must decide only whether Judge Joseph's recommendation that it dismiss the plaintiff's case for her failure to prosecute it is clearly erroneous. The recommendation is not clearly erroneous. Judge Joseph warned the plaintiff that if she did not either pay the filing fee or amend her motion to proceed without prepaying it *and* amend her complaint by September 19, 2025, Judge Joseph would recommend that this court dismiss the case. Dkt. No. 4 at 4. The plaintiff has not done any of those things; she did not do them by the deadline Judge Joseph set and she has not done them as of the date of this order. The clerk's office made unsuccessful efforts to reach the plaintiff and to obtain an updated address. It is the plaintiff's responsibility to keep the court up to date

on her contact information. Judge Joseph did not commit clear error in recommending that the court dismiss the case.

This court **ADOPTS** Judge Joseph's recommendation and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** under Civil Local Rule 41(c) (E.D. Wis.) for failure to prosecute and for failure to comply with the court's orders. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, she should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, she must file a motion *in this court.* See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year

after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of October, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:25-cv-01313-PP   Filed 10/30/25   Page 5 of 5   Document 7